Electronically Filed - New Madrid - June 16, 2023 - 12:44 PM

23NM-CV00387

### IN THE CIRCUIT COURT OF NEW MADRID COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| **LATERRENCE SUTTON** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **ERIC CLECKLEY** ) <br> **Serve: 5117 N. Lafayette Ave** ) <br>       **Evansville, IN 47711** ) <br> ) <br> **and** ) <br> ) <br> **YRC WORLDWIDE INC.** ) <br> **Serve: c/o C T Corporation** ) <br>       **120 South Central Ave** ) <br>       **Clayton, MO 63105** ) <br> ) <br> **Defendants.** ) | **Case Number:** <br><br> **Division Number:** <br><br><br><br> **PLAINTIFF REQUESTS** <br> **TRIAL BY JURY** |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Laterrence Sutton, ("Plaintiff" or "Sutton") by and through undersigned counsel, Thomas Gatheman of Morgan & Morgan, P.A., and for his causes of action against Defendants, Eric Cleckley ("Defendant Cleckley") and YRC Worldwide Inc ("Defendant YRC Worldwide") (collectively "Defendants"), states to the Court as follows:

1. At all times relevant hereto, Plaintiff Laterrence Sutton was and is a citizen and resident of the State of Missouri.

2. At all relevant times hereto, Defendant Eric Cleckley was and is a citizen and resident of the State of Indiana.

3. At all times relevant hereto, Defendant YRC Worldwide Inc is a foreign corporation, with it's principal place of business located at 11500 Outlook St., Ste. 400, Overland Park, Kansas, and, on information and belief, Defendant YRC Worldwide regularly conducted,

**EXHIBIT A**

transacted, and solicited business throughout the State of Missouri.

4. Venue is proper in the Circuit Court of New Madrid County pursuant to MO Rev. Stat. §508.010 because Plaintiff was first injured in New Madrid County.

5. Jurisdiction is proper over the Defendants in the State of Missouri pursuant to at least MO. REV. STAT. § 506.500 because Defendants committed tortious acts described herein within the State of Missouri.

6. On or about October 06, 2021, Plaintiff Laterrence Sutton was operating a motor vehicle in New Madrid County, Missouri.

7. Plaintiff was traveling in a generally western direction on U.S. Route 61, a public thoroughfare that passes through, among other areas, New Madrid County, Missouri.

8. Defendant Cleckley was operating a commercial motor vehicle owned and operated under the authority of Defendant YRC Worldwide in New Madrid County, Missouri.

9. Defendant Cleckley was traveling in a generally northern direction approaching the intersection of Interstate 55 exit ramp and U.S. Route 61.

10. Defendant Cleckley attempted to drive Defendant YRC Worldwide's commercial vehicle across U.S. Route 61, thereby entering Plaintiff's direct lane of travel.

11. Defendant Cleckley failed to keep a proper lookout and failed to yield to Plaintiff's right of way, forcing Plaintiff to collide with the side of Defendant YRC Worldwide's commercial vehicle.

12. Plaintiff did not have the chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff.

**COUNT I**
**Plaintiff vs. All Defendants**
**(Negligence)**

13. Plaintiff hereby incorporates the above allegations by reference, as though fully set forth herein.

14. At the time of the incident, Defendant Cleckley was, upon information and belief, an employee or agent of Defendant YRC Worldwide, was operating Defendant YRC Worldwide's vehicle within the course and scope of his employment, and/or with the express permission of Defendant YRC Worldwide.

15. At the time of the incident, Defendant YRC Worldwide, through its employee or agent Defendant Cleckley, owed all members of the public, including Plaintiff, the highest duty of care to operate Defendant YRC Worldwide's vehicle in a safe manner.

16. The injuries and the damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Defendants in one or more of the following respects, to wit:

   a. Defendant Cleckley failed to exercise the highest degree of care to keep a careful lookout while operating Defendant YRC Worldwide's motor vehicle;

   b. Defendant Cleckley failed to exercise the highest degree of care when he failed to yield to the right of way of Plaintiff;

   c. Defendant Cleckley failed to exercise the highest degree of care when he failed to swerve with an appropriate distance and speed to avoid collision, causing the subsequent collision with Plaintiff's vehicle;

   d. Defendant Cleckley failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have

stopped, or slackened speed, or sounded a warning, but Defendant Cleckley failed to do so;

e. Defendant Cleckley failed to exercise the highest degree of care when he allowed his vehicle to come into contact with Plaintiff's vehicle.

17. Each and all of the aforesaid acts and violations of law by Defendants, both of commission and of omission, were negligent and constituted negligence.

18. Each and all of the acts of Defendants, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

19. As a direct and proximate result of the aforesaid acts by Defendants, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries to his back.

20. As a direct and proximate result of the aforesaid acts by Defendants, both of omission and commission, Plaintiff has suffered, and will hereafter suffer physical pain and mental anguish.

21. As a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses for said treatment.

22. As a direct and proximate result of these injuries, Plaintiff will be required to seek additional medical treatment in the future, incurring further expenses for said treatment.

23. Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff Laterrence Sutton prays for judgment against Defendants Eric Cleckley and YRC Worldwide Inc in such sum over $25,000.00 as will reasonably and fairly Compensate Plaintiff for loss and damage, together with costs herein expended, and such other and further relief as the Court deems just and proper.

## COUNT II
### Plaintiff v. Defendant YRC Worldwide
(*Respondeat Superior*, Negligent Hiring, Supervision, and Retention)

24. Plaintiff hereby incorporates the above allegations by reference, as though fully set forth herein.

25. Defendant Cleckley was an employee of Defendant YRC Worldwide.

26. During the time of the collision with Plaintiff, Defendant Cleckley was acting within the course and scope of employment.

27. Defendant YRC Worldwide owed a reasonable duty of care to the general public, and Plaintiff, in the hiring, training, supervision, and retention of Defendant Cleckley.

28. Defendant YRC Worldwide breached their reasonable duty of care owed to Plaintiff in knowingly allowing Defendant Cleckley to negligently operate Defendant YRC Worldwide's vehicle in an unreasonable and unsafe manner.

29. Defendant YRC Worldwide's failure to reasonably hire, train, supervise, and retain Defendant Cleckley directly caused, or at least contributed to cause, the incident and subsequent serious and permanent injuries suffered by Plaintiff.

30. As a direct and proximate result of the aforesaid acts by Defendant YRC Worldwide, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries to his back.

31. As a direct and proximate result of the aforesaid acts by Defendant YRC Worldwide, both of omission and commission, Plaintiff has suffered, and will hereafter suffer physical pain and mental anguish.

32. As a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses for said treatment.

Electronically Filed - New Madrid - June 16, 2023 - 12:44 PM

33. As a direct and proximate result of these injuries, Plaintiff will in the future be required to seek additional medical treatment incurring further expenses for said treatment.

34. Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff Laterrence Sutton prays for judgment against Defendant YRC Worldwide Inc in such sum over $25,000.00 as will reasonably and fairly compensate Plaintiff for loss and damage, together with costs herein expended, and such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Dated: June 16, 2023                    Respectfully Submitted,

                                        */s/ Tom Gatheman*
                                        Thomas Gatheman #61009
                                        **Morgan & Morgan, P.A.**
                                        200 N. Broadway, Suite 720
                                        St. Louis, MO 63102
                                        Tel: 314-655-9643
                                        Fax: 314-655-9724
                                        Email: tgatheman@forthepeople.com
                                        **ATTORNEYS FOR PLAINTIFF**